UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO RAMOS MARRERO (A-Number: 244-212-691),<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07407-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Luis Alfredo Ramos Marrero is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been paroled pursuant to 8 U.S.C. § 1225(b) in circumstances such as these, and is subsequently re-detained, the Due Process Clause requires a bond hearing at which the government bears the burden to prove that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g., R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondents argue that "Petitioner is the quintessential 'arriving alien' and 'applicant for admission' as he was paroled into the United States." Doc. 9 at 1. But immigration authorities previously released petitioner and the petition challenges his re-detention. The court ordered

respondents to address whether this case is distinguishable from the cited cases in which this court has granted habeas relief. Doc. 7 at 1. Respondents do not distinguish those authorities. *See* Doc. 9. Respondents acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." *Id.* at 2. For the reasons addressed in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not establish any urgent circumstances in this case.

The petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Luis Alfredo Ramos Marrero (A-Number: 244-212-691) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical

custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to terminate any remaining motions as moot. The Clerk is directed to serve the Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.